UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER SOLAGES,

Plaintiff,

-against-

BORIS RICARDO ESPENOSA, MD,

Defendant.

26-CV-1875 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who lives in Bellport, Suffolk County, New York, brings this *pro se* action asserting claims sounding in medical malpractice alleged to have occurred in Brentwood, Suffolk County, New York. Named as Defendant is Boris Ricardo Espenosa, M.D., of Bay Shore, Suffolk County, New York. For the following reasons, the Court transfers this action under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in Brentwood, New York, which is in Suffolk County, between 2002 and 2008, his pediatrician from toddlerhood, presumably Defendant, "never reported" that Plaintiff had craniosynostosis "in the right time period." (Compl., ECF No. 1 at 5.) As a result, Plaintiff "was not recommended surgery [or] medication." (*Id.*) Plaintiff further alleges that this "pediatric abandonment" caused Plaintiff "confusion" and "post stress." (*Id.*) Plaintiff seeks a total of $45 million in damages for "failure to report surgery . . . decades of brain damage . . . vision damage[] . . . chiori [sic] malformation resulting in failure to report Easing pressure to skull . . . invading cerebral tonsils and much more." (*Id.* at 6.) Plaintiff asserts that federal question is the basis of federal-court jurisdiction but states that he is "not sure which . . . federal constitutional or federal statutory rights have been violated." (*Id.* at 2.)

Plaintiff pleads that Defendant's address is Bay Shore, New York, which is also in Suffolk County, but does not specify whether this is Defendant's residential or work address. (*Id.* at 4.) Because it is unknown where Defendant resides, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or the Eastern District of New York. Even if the Court did assume that Defendant resides in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Suffolk County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Suffolk County, and it is reasonable to expect that all relevant documents and witnesses also would be located in Suffolk County—whether in Bellport, Brentwood or Bay Shore. The Eastern District of New York appears to be a more convenient forum for this action. *See* 28 U.S.C. § 112. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 17, 2026
New York, New York

_____
**/s/Laura Taylor Swain**
LAURA TAYLOR SWAIN
Chief United States District Judge